```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                   )
ERIC MEYER,                        )
          Plaintiff,               )
                                   )         CIVIL ACTION
          v.                       )         NO. 19-10248-WGY
                                   )
DR. SHAWN,                         )
          Defendant.               )
                                   )
```

YOUNG, D.J.                                   February 11, 2019

**ORDER**

This action was initiated on February 6, 2019 by Eric Meyer who filed a one-page complaint. The complaint is difficult to understand and it appears that Meyer has been involuntarily committed to the Chicago-Read Mental Health Center in Chicago, Illinois. Meyer alleges that on or about December 21, 2018, "Dr. Shawn sued [Meyer] to force mental torture drugs."

As an initial matter, Meyer has not paid the filing fee nor filed a motion for leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). In order to proceed with this action, Meyer must either (1) pay the $400.00 filing and administrative fees; or (2) move for leave to proceed without prepayment of the filing fee. For the convenience of litigants, this Court provides a form application to seek leave to proceed *in forma pauperis*, and the Clerk shall send a copy of the application to Meyer with a copy of this Order.

Although *pro se* pleadings are liberally construed, *see Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004), the Court cannot ascertain whether it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court is a court of limited jurisdiction, and the basic federal jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, confer "federal question" and "diversity" jurisdiction, respectively. If Meyer wishes to proceed with this action, he must file an amended complaint that provides this Court with subject matter jurisdiction over his claim.

Accordingly, the Court hereby ORDERS:

1. If plaintiff wishes to proceed with this action (1) he either pay the $400.00 filing fee or move for leave to proceed without prepayment of the filing fee; and (2) filed an amended complaint that provides this Court with subject matter jurisdiction.

2. Failure of plaintiff to comply with these directives within 21 days of the date of this Order will result in the dismissal of this action pursuant to Fed. R. Civ. P. 12(h)(3).

3. The Clerk shall provide plaintiff with a civil complaint form and an Application to Proceed in District Court Without Prepaying Fees or Costs.

**SO ORDERED.**

    /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE