```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| ERIC MEYER, )<br>   Plaintiff, )<br>)<br>  v. )<br>)<br>DR. SHAWN, )<br>   Defendant. )<br>) | CIVIL ACTION<br>NO. 19-10248-WGY |

YOUNG, D.J.                         May 8, 2019

**ORDER**

Plaintiff Eric Meyer filed a pro se complaint without payment of the filing fee. See Docket No. 1. By Procedural Order dated February 11, 2019, he was granted additional time either to pay the filing fee or file a fee-waiver application. See Docket No. 4. At that time, the clerk mailed Meyer a copy of the Procedural Order with a blank fee-waiver form. Id.

Plaintiff has not responded to the Procedural Order and the time to do so expired. The Supreme Court has recognized that district courts have inherent power to dismiss cases for failure to prosecute. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The fact that Meyer failed to respond to the Court's Order suggested that he may have decided not to press his claim. The Court is not required to delay disposition in this case.

Accordingly, the Court hereby ORDERS:

1.   This action is DISMISSED without prejudice.

2.   The clerk shall enter a separate order of dismissal.

**SO ORDERED.**

/s/ William G. Young  
WILLIAM G. YOUNG  
UNITED STATES DISTRICT JUDGE